Brinkerhoff, J.
The fifth section of the thirteenth article of the constitution of the state provides that “ no right of way shall" be appropriated to the use of any corporation until full compensation therefor be first made in money, or first secured by a deposit of money to the owner, irrespective of any benefit from any improvement proposed by *such corporation; which compensa- [185 tion shall be ascertained by a jury of twelve men, in a court of as shall be law.” The nineteenth section of' *186 the bill of rights has a provision substantially similar, its language :being: “Such compensation shall be assessed by a jury, without . deduction for benefits to any property of the owner.”
The act of April 30, 1852 (Swan’s Stat. 233), under which these proceedings were had, and by which they must be governed in prescribing the juror’s oath, and the manner in which his assessment of compensation shall be made, embodies the very language of the fifth section of the thirteenth article of the constitution above quoted.
Benefits accruing, from the construction of a railroad, to an owner of lands through which it passes, may properly and conveniently bo divided into two classes, to wit:
1. General benefits, or such as accrue to community, or the vicinage at large, such as increased facilities for transportation and travel, and the building up of towns, and consequent enhancement of the value of lands and town-lots..
2. Special benefits, or such as accrue directly and solely to the owner of the lands, from which the right of way is taken; as when the excavation of the railroad track has the effect to drain . a morass, and thus to transform what was a worthless swamp into valuable arable land, or to open up and improve a water-course.
Now, as to the first of these classes, we know from the debates ■ of the convention which formed the constitution (1 Debates Ohio Convention, 446), and from the discussions which preceded and followed the calling of that convention, as well as from the language ■ of the constitution itself, that it was the express design of the framers of the constitution, to exclude that class of benefits from the consideration of jurors in their assessment of compensation for 186] *’rights of way appropriated by corporations; and we are not aware that the contrary has ever been claimed. It has, however, been made a question at least in speculation, whether, after .allowing full compensation for the land actually appropriated for the fight of way, in view of all its uses and relations, without deducting for benefits of any kind, the jury may not, in their estimate and assessment of the incidental damages accruing to other lands of the owner from the construction of the work proposed, take into consideration, and make allowance for, incidental bene- ■ fits of the second class ? And this question has been ably argued, ■ on the part of the plaintiff in error, in the case before us; but the *187 question is not made in the record, and we prefer not to pass upon it until it shall be distinctly presented in an actual case.
It is shown in the bill of exceptions taken in the probate court, and assigned for error, that the plaintiff in error was precluded by that court from giving testimony to the jury to show that the residue of the lands of the defendants in error, not covered by the right of way appropriated, “ would be enhanced in value by the location and structure of the road.” How enhanced in value? and by what means ? By means of what we have designated as general benefits ? or by means of what we have designated as special benefits? The bill of exceptions does not inform us. The presumption is quite as great that they were the former, as that they were the latter. If the former, then there was clearly no error. If the latter, then the action of the probate court was, perhaps, questionable; but the fact ought to be distinctly shown in the record. We can not presume that it was the latter class of benefits rather than the former, which were offered in evidence; for then we might presume the existence of error, and this a court of error will never do. Error *must appear affirmatively in the record [187 on which error is assigned, and will not be presumed.

Judgment affirmed.

Bartley, C. J., and Swan, Bowen, and Scott, JJ., concurred.